UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO.

| | |
|---|---|
| CHRISTMENE SHINN, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SUBWAY FRANCHISEE ADVERTISING FUND TRUST LTD., | |
| Defendant. _____/ | |

**CLASS ACTION COMPLAINT**

Plaintiff Christmene Shinn brings this class action against Defendant Subway Franchisee Advertising Fund Trust Ltd., and alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., (the "TCPA").

2. Defendant is the marketing and advertising arm of the Subway brand, the world's largest quick-service restaurant chain by number of locations, with more than 44,000 restaurants in over 110 countries.

3. To promote its mobile application, Defendant engages in unsolicited text messaging in violation of the TCPA and National Do Not Call Registry.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of herself and Class members, as defined below, and any

13

other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, an individual and a citizen and resident of Broward County, Florida.

6. Defendant Subway Franchisee Advertising Fund Trust Ltd. is a Connecticut Domestic Statutory Trust company with its principal place of business at 325 Sub Way, Milford, CT 06461.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

8. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

9. Defendant is subject to general personal jurisdiction in Connecticut because its principal place of business is in Connecticut and, more specifically, in this District.

10. Defendant is subject to specific personal jurisdiction in Connecticut because this suit arises out of and relates to Defendant's significant contacts with Connecticut.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because a substantial part of Defendant's actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District.

## THE TCPA

13. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

14. As held by the Second Circuit, an automatic telephone dialing system consists of

14

equipment that is capable of dialing telephone numbers automatically from a list of numbers, without human intervention. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 290 (2d Cir. 2020)

15. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

18. A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non- advertising calls").

19. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

15

## FACTS

20. On or about May 29, 2020, June 12, 2020, and June 20, 2020, Defendant sent the following unsolicited text messages to Plaintiff's cellular telephone number ending in 9110 (the "9110 Number"):

> 782-929
>
> Text Message
> Fri, May 29, 11:28 AM
>
> Deals, deals and more deals. All in the Subway app. Download now and opt-in for push alerts so you never miss out. bit.ly/SUBAPP HELP/STOP call 8447887525
>
> Fri, Jun 12, 11:25 AM
>
> Deals, deals and more deals. All in the Subway app. Download now and opt-in for push alerts so you never miss out. bit.ly/SUBAPP HELP/STOP call 8447887525
>
> Sat, Jun 20, 11:18 AM
>
> Deals, deals and more deals. All in the Subway app. Download now and opt-in for push alerts so you never miss out. bit.ly/Subway-App HELP/STOP call 8447887525

20. Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district, and throughout the country.

21. Plaintiff is the sole user and/or subscriber of the 9110 Number. Plaintiff uses the 9110 Number for personal non-business purposes.

22. Plaintiff's 9110 Number has been consistently registered on the National Do Not Call Registry since January 11, 2018.

23. The purpose of the above referenced text messages was to promote and/or advertise Defendant's mobile application and restaurants, as evidenced by the content of the messages.

24. Plaintiff never provided Defendant with express written consent to contact her on her cellular telephone with advertisements or marketing messages like the ones above.

25. The impersonal and generic nature of Defendant's text messages demonstrates that an ATDS was utilized to transmit the message.

26. The number used by Defendant to transmit the subject text messages (782-929) is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

27. Text messages using a short code can only be sent using a computer, and cannot be sent using a traditional telephone.

28. The impersonal and generic nature of the subject text messages, coupled with the fact that they originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system in transmitting the messages.

29. To send the text messages, Defendant used a messaging platform (the "Platform") that permitted the transmission of thousands of automated text messages without any human involvement.

30. Upon information and belief, the Platform has the capacity to store telephone numbers.

31. Upon information and belief, the Platform has the capacity to generate sequential numbers.

32. Upon information and belief, the Platform has the capacity to dial numbers in sequential order.

17

33. Upon information and belief, the Platform has the capacity to dial numbers from a list of numbers.

34. Upon information and belief, to transmit the text messages at issue, the Platform automatically executed the following steps: [1] The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed; [2] The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's message to create "packets" consisting of one telephone number and the message content; [3] Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers; and [4] Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendants. Each mobile carrier then sent the message to its customer's mobile telephone.

35. The above execution of instructions occurred seamlessly, with no human intervention, and almost instantaneously. Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

36. The subject text message solicitations invaded Plaintiff's privacy, intruded upon her seclusion and solitude, constituted a nuisance, and wasted Plaintiff's time by requiring her to interact with the messages.

## CLASS ALLEGATIONS

37. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

## *PROPOSED CLASS*

38.   Plaintiff brings this case on behalf of the following classes:

**No Consent Class**: All persons in the United States who from April 23, 2019 until the date of a certification order **[1]** received a text message on his or her cellular phone number from Defendant **[2]** using the same equipment used to send the text messages to Plaintiff **[3]** for the purpose of advertising and/or promoting Defendant's mobile application.

**DNC Class:** All persons in the United States who from April 23, 2019 until the date of a certification order [1] were sent a text message by Defendant; [2] more than one time within any 12-month period; [3] where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; [4] for the purpose of advertising and/or promoting Defendant's mobile application; and [5] for whom Defendant (a) did not obtain an express invitation or permission from the recipient, and (b) did not have an established business relationship with the recipient.

39.   Defendant and its employees or agents are excluded from the Class.

40.   Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## *NUMEROSITY*

41.   Upon information and belief, Defendant placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

42.   The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

## *COMMON QUESTIONS OF LAW AND FACT*

43.   There are numerous questions of law and fact common to the Class which

19

predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

44. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *TYPICALITY*

45. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

46. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### *SUPERIORITY*

47. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the class members are in the millions of dollars, the individual damages incurred by each member of the classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual class members prosecuting their own separate claims is remote,

and, even if every member of the class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

48. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(b)
*On Behalf of Plaintiff and the No Consent Class*

49. Plaintiff re-alleges and incorporates paragraphs 1-48 as if fully set forth herein.

50. Defendant used equipment with the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the No Consent Class. These calls, or more precisely, text messages, were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express written consent to text the cell phones of Plaintiff or the other members of the putative No Consent Class when such text messages were sent.

51. Thus, Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the No Consent Class without their prior express written consent.

52. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an

injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the No Consent Class.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and **[4]** Any other relief the Court finds just and proper.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(c)
*Individually and on behalf of the DNC Class*

53. Plaintiff re-alleges and incorporates paragraphs 1-48 as if fully set forth herein.

54. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55. Per 47 C.F.R. § 64.120(e), § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

56. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

57. Any "person who has received more than one telephone call within any 12-month

period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

58.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

59.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members were more than one text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200.

60.     As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the DNC Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the DNC Class; and **[4]** Any other relief the Court finds just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

Date: August 12, 2020

Respectfully submitted,

**TOOHER WOCL & LEYDON, L.L.C.**

*/s/ Brenden P. Leydon*
Brenden P. Leydon, Esq.
80 Fourth Street
Stamford, CT 06905
Phone: (203) 324-6164
Fax: (203) 324-1407
E-Mail: BLeydon@tooherwocl.com

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
(*pro hac vice* to be filed)
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793
*Counsel for Plaintiff and the Class*